UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.   23cr10206 |
| v. | Violation: |
| JOSE ROCHA, | Count One: Securities Fraud (18 U.S.C. § 1348) |
| Defendant | Forfeiture Allegation: (981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.     The defendant, JOSE ROCHA ("ROCHA"), lived in Brockton, Massachusetts.

2.     ROCHA operated a purported "private investment club" through which he solicited investments.

3.     Victims 1 through 5, who invested with ROCHA, lived in Massachusetts.

Scheme to Defraud

4.     From in or about 2020 to in or about 2022, ROCHA offered to manage investments in securities on behalf of family, friends, and other investors through ROCHA's brokerage account.

5.     As part of the scheme, ROCHA falsely portrayed himself as a successful investor in securities and falsely promised investors that he would invest their money in exchange for a share of the returns.  ROCHA told investors that their money would be invested, alongside his own

funds, in publicly traded stocks and stock options, including one or more stocks that were securities registered under Section 12 of the Securities Exchange Act of 1943.  In connection with those representations, in total, more than ten investors gave ROCHA more than $550,000.

6.    ROCHA thereafter used a portion of the investors' money to buy and sell several stocks that were securities registered under Section 12 of the Securities Exchange Act of 1943. For example, ROCHA bought and sold several stocks that were traded on the New York Stock Exchange, such Walt Disney Company and Tesla Inc.  ROCHA also used a considerable portion of his investors' money for improper purposes.

7.    ROCHA improperly used some of the investors' money to pay purported investment returns to other investors rather than investing it as he had promised.  For example, on or about February 2, 2021, Victim 1 and Victim 2 sent ROCHA checks for $20,000 and $15,000, respectively.  ROCHA then used those investors' funds to pay purported investment returns to multiple other investors, including $3,600 to Victim 3 on or about February 8, 2021.

8.    ROCHA also kept investors' money for his own use rather than investing it as he had promised.  For example, between on or about April 26, 2021 and on or about May 3, 2021, Victim 4 transferred $30,000 to ROCHA.  Thereafter, between on or about May 7, 2021 and on or about May 12, 2021, ROCHA used those funds to pay for ROCHA's vacation in Florida, including approximately $6,000 for a hotel, $3,500 for a yacht charter, and $1,000 at a casino.

9.    To perpetuate the scheme, ROCHA falsely told investors that he had generated significant returns on their investments.  For example, on or about November 1, 2021, ROCHA sent Victim 5 a fake earnings statement falsely reflecting that Victim 5's prior investment had generated "earning[s]" of more than $40,000.  In fact, Victim 5's prior investment had not

generated any earnings.  Likewise, on or about March 2, 2022, ROCHA sent a text message congratulating Victim 3 and falsely claiming that Victim 3 was now a "Millionaire" based on Victim 3's prior investment with ROCHA.  In fact, Victim 3's prior investment had not generated any earnings.

<u>COUNT ONE</u>
Securities Fraud
(18 U.S.C. § 1348)

The United States Attorney alleges:

10.     The United States re-alleges and incorporates by reference paragraphs 1 through 9 of this Information.

11.     From in or about 2020 to in or about 2022, in the District of Massachusetts and elsewhere, the defendant,

JOSE ROCHA,

did knowingly execute and attempt to execute a scheme and artifice (a) to defraud persons in connection with a class of securities registered under Section 12 of the Securities Exchange Act of 1943, and (b) to obtain, by means of false and fraudulent pretenses, representations and promises, money and property in connection with the purchase and sale of securities registered under Section 12 of the Securities Exchange Act of 1943, in violation of Title 18, United States Code, Section 1348.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

12.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1348, set forth in Count One, the defendant,

JOSE ROCHA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.  The property to be forfeited includes, but is not limited to, the following assets:

a.   a forfeiture money judgment in an amount to be determined at sentencing;

13.     If any of the property described in Paragraph 12, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c),  as a result of any act or omission of the defendant --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 12 above.

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY


By:  */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


DATE:  August 3, 2023